CAVEAT entered before the recorder of deeds, against the grant of a patent for vacant land.
The defendant, West, under a special act of assembly, passed February 14, 1849, located certain vacant land, and returned and, filed a plot and gave notice, as required by the law; the plot being filed September 17, 1849, and notice given September 21, 1849.
The act provided that a caveat might be entered in the recorder's office, at any time within three months from the return of the plot and notice; and thereupon, all matters in variance should be heard and determined in a summary way.
Robert Barr went into the recorder's office on the 11th of December, 1849, and entered upon the docket "caveat filed;" and on the 6th of September, 1850, he drew up and filed the caveat in due form.
Saulsbury and Layton, for defendants, now moved to dismiss the caveat, as not being filed within time.
Mr. Cullen, contra, contended that the noting the caveat on the caveat docket, was a sufficient entry, and it might be drawn out *Page 320 
afterwards; and 2. that the application to dismiss was too late, after the parties had been attending with witnesses two terms.
Mr. Houston, on the same side said the caveat was addressed, not to the other party, but to the public officer; a mere hint to him, admonishing him not to issue the patent, as it was claimed by another. The party who files the plot is seeking a title from the State; the caveator gives notice, by entering a caveat before the register, to prevent the issuing of a patent.
The Court directed an entry, that in this case the court refused to take cognizance of the cause, because it did not appear that any caveat was entered according to law; and it was ordered that each party pay his own costs in this court.